IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| STEVEN ISAIAH HILL, PLAINTIFF | CIVIL ACTION FILE NO. |
| VS. | |
| RICHARD D. HAWLEY, in his individual capacity and in his official capacity as an Officer with the Cartersville Police Department, | _____ **JURY TRIAL REQUESTED** |
| -DEFENDANT- | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Steven Isaiah Hill, and brings this action under 42 U.S.C. § 1983 and under civil statutes in Georgia which allow for civil actions for Torts committed in Georgia, and shows in support:

### JURISDICTION AND VENUE

1. The U.S. District Court has jurisdiction since this action alleges violations of Plaintiff's constitutional rights so federal issues are presented. The violator was a police officer acting under color of State law and within the scope of his employment. The incident that gave rise to the Complaint occurred in Bartow County, Georgia so the Northern District is the appropriate district to decide upon the Complaint and the Rome Division encompasses Bartow County among other northern Georgia Counties. The action is brought under 42 USC § 1983, and attorney fees are sought under 42 U.S.C. § 1988 and additional relevant jurisdictional statutes are 28 U.S.C. § 1331 and § 1343 (federal question jurisdiction);
2. Officer Hawley (Defendant) at the relevant time was a police officer with the City of Cartersville Georgia and was acting within the scope of his employment and under color of state law at the time Plaintiff was injured. He is subject to a suit under 42 U.S.C. § 1983 and he can be served at his place of employment:
CITY OF CARTERSVILLE POLICE DEPARTMENT
ATTENTION: OFFICER RICHARD HAWLEY (85)

195 CASSVILLE ROAD
CARTERSVILLE, GEORGIA 30120

In addition to the persons (entities) already notified of this claim the Georgia Attorney General can (and will) be likewise notified (and served with Ante Litem notice) of the existence and details of this present claim and of a pretrial demand for settlement of the Claim to avert litigation.

## STATEMENT OF FACTS

3. Cartersville Police were summoned, on June 5, 2025, to the area of 461 Old Mill Road, Cartersville, Georgia (a local bar called Tom's Place) on account of there was said to be a disorderly person at that location;
4. Cartersville Police Officer Richard D. Hawley walked onto the scene and walked into the path of an individual who was jogging or moving faster than a walk;
5. That individual turned out to be the Plaintiff Steven Isaiah Hill;
6. After tackling and taking Plaintiff to the ground, Officer Hawley hit the Plaintiff with his department-issued flashlight thereby breaking his jaw;
7. Richard Hawley, acting in his official capacity, took Plaintiff to the ground and there was a further struggle during which Plaintiff's jaw was broken by the Officer (Hawley);
8. Plaintiff was not arrested for any charge but he was injured and was taken to the Hospital for treatment; prior to violently taking Plaintiff to the ground, Officer Hawley never identified himself as a police officer and never issued any commands to Plaintiff (neither heeded commands nor unheeded);
9. Plaintiff's jaw was seriously injured and despite medical treatment it still does not close properly, making it difficult for Plaintiff to chew food;
10. Plaintiff submitted (Certified Mail- return receipt requested) a demand for settlement (Ante Litem notice) but the City of Cartersville denied any liability (this Notice and the response from the City Attorney are included with this lawsuit, along with the green receipt card) so Plaintiff was not able to obtain any compensation for his injuries;
11. There was no probable cause to arrest Plaintiff yet Excessive Force was deployed, force consistent with a felony arrest;
12. The Ante Litem Notice was also mailed, certified mail, to Risk Management Services on Piedmont Avenue, 1804 West Tower, in Atlanta, GA (and is included with this lawsuit together with proof that it was received by the intended recipient);
Plaintiff incorporates the fact assertions of the Ante Litem notice here (by reference);

### COUNT 1: VIOLATION OF THE 4TH AMENDMENT RIGHTS OF PLAINTIFF DUE TO THE FALSE ARREST AND THE EXCESSIVE FORCE USED TO EFFECT THE ARREST

13. Plaintiff incorporates herein by reference as though fully set forth, all the paragraphs, 3 through 12, of this Complaint;
14. The right to be free from a warrantless arrest (with no probable cause) is a clearly established right which any reasonable police officer would be aware of and would respect and would refrain from violating;
15. The 4th amendment of the U.S. Constitution provides protection to citizens so that it is unreasonable for police to "seize" their bodies without probable cause to do so (to arrest them and deploy strong force to make the arrest when there is no probable cause);
16. Officer Hawley was acting under color of state law when he *made* this arrest, and his conduct was objectively unreasonable under all the circumstances of this incident;
17. Plaintiff was seriously injured as a result of this afore- described misconduct;
18. Officer Hawley was not held accountable for his violent conduct despite Plaintiff's best efforts to have him so held;
19. Officer Hawley does not enjoy qualified immunity due to the fact that he violated a clearly established constitutional right that any reasonable officer in his shoes would know about and would respect, the constitutional right of Plaintiff (to wit: the 4th amendment protection against unreasonable bodily seizure which is effectuated by use of excessive force);
20. Officer Richard D. Hawley was acting within the scope of his employment at the time he injured Plaintiff;

### COUNT 2: ASSAULT AND BATTERY UNDER STATE LAW

21. Plaintiff incorporates paragraph 3 through 20 here without their needing to be re-stated;
22. Officer Hawley made intentional contact with Plaintiff under circumstances where no probable cause existed and no formal arrest or charges were pursued;
23. Hawley committed a violent injury to Plaintiff and Georgia law allows for pursuit of justice for commission of a Tort, OCGA § 51-1-14;

24. Hawley essentially broke Plaintiff's jaw for no justifiable reason;

COUNT 3: FALSE ARREST / FALSE IMPRISONMENT UNDER STATE LAW
25. Plaintiff incorporates paragraph 3 through 24 here without needing to restate them here;
26. Hawley deprived Plaintiff of his personal liberty in the absence of probable cause (the definition of "imprisonment" under Georgia law includes even momentary detentions by the perpetrator);
27. Hawley acted with actual Malice which means he intended to injure Plaintiff and he succeeded in injuring Plaintiff by breaking Plaintiff's jaw; OCGA §§ 51-7-1, 51-7-20.

FEDERAL CLAIM FOR ATTORNEY FEES
28. Plaintiff pursues this action under 42 USC 1983 and if he prevails on the merits the Court has discretion to award attorney's fees;
29. § 1988 (42 U.S.C.): Plaintiff seeks the reimbursement of expert fees if he has to hire any medical or forensic expert (he seeks this in addition to attorney's fees);

STATE LAW CLAIM FOR ATTORNEY'S FEES
30. Defendant has caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to file a lawsuit instead of settle the case. OCGA section 13-6-11;
31. Defendant has stubbornly denied liability when he knows he acted maliciously and unlawfully and violently injured Plaintiff;

PUNITIVE DAMAGES CONNECTED TO §1983 ACTION

32. Hawley acted with reckless indifference to Plaintiff's federally protected 4th amendment right ( to not be subjected violent arrest or detention in the absence of probable cause to believe he had committed a "felony" warranting the official conduct of making a forceful felony arrest); Unless punitive damages are awarded, Cartersville Police will not be deterred from future misconduct, nor will Officer Hawley;

SMITH V. WADE 461 U.S. 30 (1983)- reckless indifference to Plaintiff's federally protected 4th amendment rights

## PUNITIVE DAMAGES CONNECTED TO ASSAULT AND BATTERY

33. Hawley exhibited conscious indifference to Plaintiff's rights by forcefully committing a Battery on Plaintiff and he also exhibited Malice as defined as an "intent to injure" the Plaintiff.  O.C.G.A. § 51-12-5.1;
34. Malice can also be shown when, by considering the case as a whole, it appears that a cover-up and actions intended to deceive(conceal) as to Defendant's culpability were engaged in by Officer Hawley and his co-workers who closed ranks around him and ratified his wrongdoing;

^^^^^

[Wanton or malicious misconduct on the part of Officer Hawley
A malicious "intent to injure" the Plaintiff]

## SPECIAL DAMAGES

35. Plaintiff's hospital and medical bills amounted to close to 1.5 million dollars as a result of Officer Richard Hawley breaking his jaw and the treatment needed to treat that injury;
36. Plaintiff will be responsible for paying these costs unless he is legally allowed to pass the expense over to the true wrongdoer and tortfeasor in this scenario (that is: Officer Richard D. Hawley);

## COMPENSATORY DAMAGES

37. Plaintiff suffered non-economic losses (emotional distress; pain and suffering) due to the tortious misconduct of Officer Hawley with the Cartersville Police Department;
38. These non-economic injuries belong under the category Compensatory Damages;

WHEREFORE, Plaintiff prays for:
Compensatory Damages such as Pain and Suffering;
Special Damages such as reimbursement for medical bills;
Award of attorney's fees and costs under federal law;

Award of Attorney's fees and costs under Georgia law;
Award of Punitive damages under federal law to deter future misconduct;
Award of punitive damages under state law to deter future misconduct;
Plaintiff prays that he be afforded a jury trial;
Such additional and further relief that the Court deems just in this matter

Date:  March 4, 2026.

<div style="margin-left:2em">

/s/  Lloyd J. Matthews
Attorney for Plaintiff
Georgia Bar No. 477620
4978 Ansbury Place N.W.
Acworth, Georgia 30101
(404) 642-7350
LMMATTMATTHEWS@GMAIL.COM

</div>